**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

NANCY ANAYA-SMITH, next of kin of
Michael Brian Smith, deceased,

     Plaintiff Counter Defendant -
     Appellant,

v.

FEDERATED MUTUAL INSURANCE
COMPANY,

     Defendant Counterclaimant -
     Appellee.

No. 21-6113
(D.C. No. 5:20-CV-00565-D)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

This appeal has been abated pending the Oklahoma Supreme Court's answers

to the questions of state law we certified to it on April 25, 2022. The Oklahoma

Supreme Court has now ruled, and its answers require us to reverse the district

court's grant of summary judgment and to remand for further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

This appeal involves an insurance coverage dispute between Appellant, Nancy Anaya-Smith, and Appellee, Federated Mutual Insurance Company ("Federated"). Ms. Anaya-Smith's husband, Michael Smith, was killed while a passenger in a car owned by his employer, Fixtures & Drywall Company of Oklahoma ("FADCO"), and driven by his coworker, Duane Alan Clark, as part of a job assignment. While traveling on I-35 in Oklahoma, the car was involved in a high-speed, single-car accident. Mr. Smith sustained serious injuries from the accident and later died at the hospital.

At the time of the accident, FADCO had an insurance policy through Federated. The policy included up to $1,000,000 of liability coverage and an umbrella policy that provided an additional $6,000,000 of liability coverage per accident. These liability limits cover an "insured," which includes FADCO and "anyone else while using with [FADCO's] permission a covered 'auto' [FADCO] own[s], hire[s] or borrow[s]," subject to certain exceptions. App. at 102. FADCO also purchased uninsured motorist ("UM") coverage up to $1,000,000 for "directors, officers, partners, or owners of [FADCO] and family members who qualify as insureds." *Id.* at 195. FADCO rejected in writing UM coverage for all other insureds. At the time of the accident, Mr. Smith was not a director, officer, partner, or owner of FADCO, or a family member of any of those individuals.

Because Mr. Smith was on the job and traveling in an employer-owned vehicle, the exclusive remedy provision of the Oklahoma Workers' Compensation Act barred Mr. Smith and his widow from suing Mr. Clark or FADCO and benefiting

from FADCO's liability coverage and umbrella policy. Okla. Stat. tit. 85A, § 5. Thus, Ms. Anaya-Smith submitted a claim, seeking to recover on behalf of her late husband under FADCO's UM policy. When Federated denied the UM claim, Ms. Anaya-Smith brought a bad faith claim against Federated in the United States District Court for the Western District of Oklahoma. Federated submitted a counterclaim for a declaratory judgment that FADCO's insurance policy does not provide UM coverage for Mr. Smith because (1) the vehicle was not an uninsured vehicle at the time of the accident, and (2) the policy's provision of UM coverage to only FADCO's directors, officers, partners, owners, and their family members who qualify as insureds does not violate Oklahoma's UM coverage statute, Okla. Stat. tit. 36, § 3636.

Before the district court, the parties brought cross-motions for summary judgment. In addition to the claim that UM coverage was unavailable to Mr. Smith, Federated argued, in the alternative, that if § 3636 requires named insureds to purchase UM coverage for all or none of the insureds, the imputed UM coverage would be the minimum $25,000 per person and $50,000 per occurrence in the statute, not the $1,000,000 coverage limit FADCO purchased for its directors, officers, partners or owners, and their family members who qualify as insureds.

The district court granted in part and denied in part Federated's motion and denied Ms. Anaya-Smith's motion. The district court held (1) the vehicle was an uninsured vehicle at the time of the accident because the driver is immune from tort liability under the exclusive remedy provision of the Oklahoma Workers'

3

Compensation Act, and (2) FADCO's policy providing UM coverage for directors, officers, partners, owners, or family members of such individuals who qualify as insureds but rejecting UM coverage for other insureds does not violate § 3636. The district court did not reach the question of whether the imputed coverage for insureds who are not directors, officers, partners, owners, or family members of such individuals would be the $1,000,000 limit FADCO purchased for its directors, officers, partners, owners, and their family members who qualify as insureds or the $25,000 per person and $50,000 per occurrence minimum established by the statute. *See* Okla. Stat. tit. 36, § 3636.

Ms. Anaya-Smith appealed and moved to certify a question of law to the Oklahoma Supreme Court concerning § 3636. We granted the motion to certify with modifications to the proposed question, and the Oklahoma Supreme Court did not further modify the certified questions. The certified questions were as follows:

> 1. Where Mr. Smith was injured and killed as a passenger in an employer-owned vehicle that had $7,000,000 of liability insurance and has not shown the claim would exceed $7,000,000, but where Mr. Smith cannot recover under the policy because the worker's compensation exclusive remedy provision of [Okla. Stat. tit. 85A, § 5] bars suit against the employer, does that vehicle qualify as an uninsured motor vehicle within the meaning of [Okla. Stat. tit. 36, § 3636(C)]?
>
> 2. Does [Okla. Stat. tit. 36, § 3636] permit FADCO, a corporate named insured, to purchase uninsured motorist coverage for its directors, officers, partners, owners, and their family members who qualify as insureds, but to reject uninsured motorist coverage for other persons who qualify as insureds?
>
> 3. If FADCO's insurance policy with Federated violates [Okla. Stat. tit. 36, § 3636], does the legislative intent or purpose of § 3636 impute the $1,000,000 uninsured motorist coverage policy limit FADCO purchased

4

for its directors, officers, partners, owners, and their family members who qualify as insureds or [does] the $25,000 per person/$50,000 per accident minimum uninsured motorist coverage policy limit in § 3636 [apply] to the other persons who qualify as insureds?

*Anaya-Smith v. Federated Mut. Ins. Co.*, --- P.3d ----, 2024 WL 2151104, at *1 (Okla. May 14, 2024) (fifth and sixth alterations in original).

The Oklahoma Supreme Court answered two of our certified questions on May 14, 2024. The Oklahoma Supreme Court first held that "a tortfeasor, who is immune from suit due to the exclusive remedy of workers' compensation, may be an uninsured motorist as a matter of Oklahoma law," and that the vehicle in which Mr. Smith was a passenger qualifies as an uninsured motor vehicle under § 3636(C). *Id.* at *3–*6. The Oklahoma Supreme Court next held that, once a corporate insured purchases a UM policy under a general automotive liability policy, it cannot elect to purchase UM coverage for some individuals who qualify as insureds under the policy but not for others pursuant to § 3636. *Id.* at *6–*9. Finally, the Oklahoma Supreme Court declined to answer the third certified question because "the question of what amount would be payable under the Federated policy was not decided by the federal district court and has not been briefed by the parties." *Id.* at *10.

The ruling from the Oklahoma Supreme Court has resolved this appeal. Accordingly, we REVERSE the district court's entry of summary judgment for Federated and REMAND the case for further proceedings not inconsistent with this court's order or the opinion of the Oklahoma Supreme Court.

Entered for the Court


Carolyn B. McHugh
Circuit Judge